UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE LOU NUTT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

Case No. 20-cv-11674

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [#17]; ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#16]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#14]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Renee Lou Nutt ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred this matter to Magistrate Judge Curtis Ivy, Jr., who issued a Report and Recommendation on January 26, 2021, recommending that the Court deny Plaintiff's Motion for Summary Judgment, ECF No. 12, grant Defendant's Motion for Summary Judgment, ECF No. 14, and affirm the Commissioner's decision, ECF No. 10. Plaintiff filed a timely Objection to that

Report and Recommendation. ECF No. 17. Defendant filed its Response to this Objection on February 4, 2021. ECF No. 18.

Presently before the Court is Plaintiff's Objection to Magistrate Judge Ivy's Report and Recommendation. Upon review of the parties' briefings, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve this matter on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court concludes that Magistrate Judge Ivy reached the correct conclusion. The Court will therefore OVERRULE Plaintiff's Objection [#17], ACCEPT and ADOPT the Report and Recommendation [#16], DENY Plaintiff's Motion for Summary Judgment [#12], and GRANT Defendant's Motion for Summary Judgment [#14].

## II. Background

Magistrate Judge Ivy's Report and Recommendation sets forth the relevant factual and procedural background in this case. The Court will adopt those findings here:

> Plaintiff alleges her disability began on August 1, 2016, at the age of 48. She filed an application for disability insurance benefits and supplemental security income on March 22, 2018. In her disability report, she listed a number of ailments which negatively impacted her ability to work. The ailments included: rheumatoid arthritis, lupus, dyslexia issues, and anxiety. Her application was denied on June 5, 2018.
>
> Following the denial of benefits, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). On May 1, 2019, ALJ Amy L. Rosenberg held a hearing, at which Plaintiff and a vocational expert (VE), Heather

Benton, testified. On May 24, 2019, ALJ Rosenberg issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff submitted a request for review of the hearing decision. However, on May 19, 2020, the Appeals Council denied Plaintiff's request for review. Thus, ALJ Rosenberg's decision became the Commissioner's final decision. Plaintiff timely commenced the instant action on June 24, 2020.

ECF No. 16, PageID.568 (internal citations omitted).

Magistrate Judge Ivy subsequently summarized the ALJ's findings, first detailing the Commissioner's five steps to determine whether an applicant is disabled under 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Magistrate found that:

> Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at Step 1 of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2016, the alleged onset date. At Step 2, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis; rheumatoid arthritis; cyst on bone of right hand; bilateral plantar calcaneal spurs; varicose veins; and obesity." At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Between Steps 3 and 4 of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff had the RFC:
>
>> to perform light work [*i.e., exertional limitations*] . . . . In addition, she can occasionally climb, balance, stoop, kneel, crouch, and crawl [*i.e., postural limitations*]. She can frequently reach bilaterally, except that she cannot reach overhead with her right upper extremity. She can frequently handle and finger bilaterally [*i.e., manipulative limitations*]. She can tolerate just occasional exposure to extreme cold, extreme heat, high humidity, and vibration. She cannot work at unprotected heights and cannot operate dangerous moving machinery [*i.e., environmental limitations*].

> At Step 4, the ALJ determined Plaintiff was unable to perform any past relevant work. At Step 5, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as handler, equipment cleaner, and inspector. Therefore, the ALJ concluded Plaintiff had not been under a disability, as defined in the Social Security Act, since August 1, 2016, the alleged onset date. ECF No. 15, PageID.1408-09.

ECF No. 16, PageID.569-570 (internal citations omitted).

### III. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (*quoting Cutlip v. Sec'y of Health*

4

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

## IV. DISCUSSION

Plaintiff raises three objections to Magistrate Judge Ivy's Report and Recommendation. For the reasons discussed below, the Court is not persuaded by the arguments presented by Plaintiff in her Objection.

### A. Objection #1

Plaintiff first argues that the ALJ erroneously applied medical-vocational rule 202.11 to her case instead of 202.09 because the ALJ failed to recognize her purported illiteracy. ECF No. 17, PageID.600. Defendant asserts that this objection is not properly developed because it does not identify any defect in Magistrate Judge Ivy's Report and Recommendation. ECF No. 18, PageID.608. Defendant further maintains that the ALJ's determination that Plaintiff had attained a level of marginal education, as opposed to illiteracy, was supported by substantial evidence. *Id.*

Here, the Court agrees with Defendant that Plaintiff fails to engage with the Magistrate Judge's Report and Recommendation and only brings arguments already raised, analyzed, and rejected. Plaintiff's first objection is devoid of any reference to Magistrate Judge Ivy's evaluation of Plaintiff's literacy level and the ALJ's

5

conclusion on that matter. Plaintiff's objection is thus an "essential reiteration" of her previous summary judgment motion, which is an approach that is neither appropriate nor sufficient for this matter. *Colbert v. Saul*, No. 18-CV-13211, 2019 WL 6001613, at *2 (E.D. Mich. Nov. 14, 2019) ("When the objecting party presents the same arguments to the magistrate and then to the district court, without identifying a specific error committed by the magistrate when he or she rejected those arguments, the objecting party forces 'the magistrate and the district court [to] perform identical tasks' which is duplicative, wasteful, and 'runs contrary to the purposes of the Magistrates Act.'").

Further, even if Plaintiff's first objection was properly raised, the Court still concludes that the ALJ's determination regarding Plaintiff's literacy and educational capacity is supported by substantial evidence. Magistrate Judge Ivy conducted a thorough analysis of Plaintiff's illiteracy claim, including her failure to cite illiteracy as limiting her ability to work now or in the past when she performed work requiring a level of basic reading comprehension. ECF No. 16, PageID.577-578. The Report and Recommendation summarized the various contradictory evidence regarding her literacy:

> Discussed more fully above, there is contradictory evidence in this case: (1) Plaintiff was able to perform two semi-skilled jobs in the past which required the ability to read; (2) Plaintiff was able to handwrite a journal of daily entries and her function report responses, (3) Plaintiff's fifth grade education is considered "marginal education," which is distinguished from "illiteracy;" and (4) she testified she could read three- or four- letter words. Even if a

6

vocational test found her reading ability to be at the first-grade level, the other evidence regarding her literacy (and lack of medical or educational evidence on the subject) is substantial evidence in support of the ALJ's decision.

*Id.* The Court agrees with the Magistrate Judge's determination and finds no error in the ALJ's classification of Plaintiff as marginally educated under medical-vocational rule 202.11 as opposed to illiterate under 202.09. Thus, substantial evidence supports the ALJ's decision and Plaintiff's first objection will be overruled.

### B. Objection #2

Plaintiff next objects to the ALJ's finding that her osteoarthritis and rheumatoid arthritis did not meet the severity to medically equal Listings 1.02(A) and 14.09(A). ECF No. 17, PageID.602. Specifically, Plaintiff states that she is unable to ambulate effectively and that her testimony supported that fact, which the Magistrate Judge purportedly failed to properly acknowledge in considering the severity of her conditions. *Id.*

Here, substantial evidence also supports the ALJ's determination that Plaintiff's conditions did not satisfy the relevant provisions of Listings 1.02(A) and 14.09(A). In arriving at the conclusion, the ALJ considered numerous sources of evidence that shed light on Plaintiff's conditions, including not just her testimony but also the opinions of state agency reviewing physicians. *See* ECF No. 10, PageID.56. As emphasized by Defendant, Dr. Catherine Mazei noted Plaintiff's osteoarthritis as an impairment but did not find that either Listing 1.02(A) or 14.09(A) were satisfied. This alone constitutes substantial evidence supporting the

7

ALJ's ultimate findings. *See Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987) ("In our view, Dr. Sobel's testimony, based on the evidence of record, represents substantial evidence to support the Secretary's decision" that the plaintiff "cannot satisfy the requirements of Listing 1.05(C).").

While Plaintiff asserts that her testimony about her inability to shop without a motorized cart and difficulty walking on uneven ground meets the listing severity requirements, the Court agrees with Magistrate Judge Ivy that Plaintiff must also give weight to the objective medical evidence in the record and not rely solely on her subjective statements to make her argument. *See* ECF No. 16, PageID.586. Beyond the ALJ's reference to Dr. Mazei's report, the Report and Recommendation also examines medical records furnished by Plaintiff that, while verifying her conditions, ultimately fail to establish her inability to ambulate effectively. *See id.* at PageID.589 ("Plaintiff provided no authority which suggests complaints of difficulty walking and some noted joint swelling are medically equivalent to an inability to ambulate effectively under the listings.").

Accordingly, the Court agrees with the Magistrate Judge that the totality of the evidence supports the ALJ's determination that Plaintiff's impairments did not arise to the medical equivalent of an inability to ambulate effectively under Listing 1.02(A) or 14.09(A). Plaintiff's second objection will therefore be overruled as well.

**C. Objection #3**

Finally, Plaintiff argues that the ALJ failed to adequately consider her obesity and its detrimental effects on her other medical conditions and her capacity to work. ECF No. 17, PageID.605. She states that the "effects of obesity on weight bearing joints (knees and ankles) are well known to the medical community and should have been factored into" the ALJ's residual functional capacity determination. *Id.*

The Court agrees with both Magistrate Judge Ivy and Defendant that the ALJ satisfied the requirement to evaluate Plaintiff's obesity. The ALJ listed Plaintiff's obesity as a severe impairment alongside her osteoarthritis and rheumatoid arthritis conditions and acknowledged that they "significantly limit the ability to perform basic work activities" as required by the applicable regulations. ECF No. 10, PageID.50. Plaintiff fails to establish, however, how the ALJ erred in analyzing the effects of her obesity on her residual functional capacity. As the Magistrate Judge stressed, the ALJ's "responsibility to assess the severity and limitations arising from a claimant's obesity" does not "relieve the plaintiff's burden of marshaling medical evidence establishing work-related limitations." ECF No. 16, PageID.591, 593.

While she broadly argues that the ALJ did not adequately consider the effect of her obesity on her ability to work, Plaintiff fails to satisfy her burden to show "specifically how [her] obesity, in combination with other impairments, limited [her] ability to a degree inconsistent with the ALJ's RFC determination." ECF No. 16,

PageID.593 (quoting *Leppien v. Comm'r of Soc. Sec.*, 2016 WL 3661851, at *7 (W.D. Mich. July 11, 2016)). Instead, the Magistrate Judge correctly notes that Plaintiff did not cite evidence in the record demonstrating how her obesity was insufficiently accounted for in her residual functional capacity determination. *Id.* ("Importantly, [P]laintiff has not identified any additional limitations that should have been incorporated in the RFC, but were not.") Without this information, Plaintiff cannot meet her burden to maintain this claim, and her objection cannot be sustained. Thus, Plaintiff has not established that the ALJ "has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Sparrow*, No. 15-cv-11397, 2016 WL 1658305, at *1 (quoting *Sullivan*, 595 F. App'x at 506). Accordingly, the Court will overrule Plaintiff's third objection.

## V. Conclusion

Accordingly, for the reasons discussed herein, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Curtis Ivy, Jr.'s January 26, 2021 Report and Recommendation [#16], **DENIES** Plaintiff's Motion for Summary Judgment [#12], **GRANTS** the Commissioner's Motion for Summary Judgment [#14], and **OVERRULES** Plaintiff's Objections [#17].

**IT IS SO ORDERED.**

                                            s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2021

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager